[Crim. No. 4987.   Second Dist., Div. Two.   June 22, 1953.]

THE PEOPLE, Respondent, v. ALFRED JOHN PANZICK, Appellant.

William W. Burns and Max Solomon for Appellant.

Edmund G. Brown, Attorney General, and Ellis Peter Miller, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was convicted of violating section 337a of the Penal Code on August 12, 1952, in that he engaged in bookmaking upon the result of a horse race (count I) and accepted money wagered upon the result of a horse race (count III). He was acquitted of (count II) accepting money allegedly wagered on August 8, 1952, on a "contest of speed and power of endurance" between horses. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

The sole basis of appeal is appellant's notion that the evidence was insufficient to support either charge made against him. In fostering such vain hope, appellant is doomed to disappointment. He openly violated the statute in respect to the two phases charged on the 12th day of August, was immediately arrested and as promptly confessed his crimes. His subsequent appearances in court, protesting his innocence, are of no virtue in removing the stain of having engaged in the wayward venture of idle men.

His first attempt while under surveillance to subvert the law on August 8th was when, through the friendly intercession of Mr. Pirrone, proprietor of the bar where appellant made his headquarters, he offered his services to a member of the Los Angeles Police Department. After Officer Janowicz and Pirrone had conferred, the latter went over to talk to appellant who soon came up and inquired of the officer as to his wish. "Give me five and five on Justashower," said the minion of the law. Thereupon, money was allegedly passed to appellant.

Four days later the plainclothesman returned to the Pirrone bar and approached appellant. When he momentarily hesitated, appellant said, "Don't hesitate. If you have got a winner, you have got a winner." The officer thereupon presented to appellant two $5.00 bills, saying: "O. K., give me a five and five parlay from Gustaf to Nickelodeon." As the officer was seated at the bar, appellant came forward with a scratch pad and pencil, "again verified . . . the amount of the wager and wrote on the paper Gustaf and Nickelodeon followed by two fives." The officer gave his name as Tip and departed with the promise to return and collect his bet in a

few days. In a short time Officer Janowicz returned with his two partners, Officers Adcock and Clark, found appellant at the bar, and put him under arrest. Adcock searched appellant and recovered the two $5.00 bills which bore the identical numbers he had noted prior to Janowicz' bet. At the same time appellant voluntarily returned to Officer Janowicz the $10 bill placed as a bet on August 8th.

The officers lingered for a half hour at the bar, discussing the marked money and allowing appellant to take a "one-ounce shot of whiskey" which did not intoxicate him. On the way to jail appellant stated, "I am guilty. I took the bets from you last Friday and today. There is no use me telling you I didn't. I'm just going to plead guilty and get 180."

At the trial, Officer Janowicz qualified as a bookmaking expert and testified that "Justashower," "Gustaf" and "Nickelodeon" were horses running at Del Mar Race Track on the 8th and 12th of August, 1952.

Thus, every element in the crimes charged in the information was established by the testimony of the officers, by the recovery of the money that was wagered and by appellant's confession. ▮ The argument that the State did not introduce into evidence the scratch pad used by appellant in "bookmaking" is answered by subdivision 1 which emphatically declares that bookmaking "with or without writing, at any time or place . . . is punishable by imprisonment . . . not exceeding one year." The only task for the State was to convince the court of appellant's guilt. It did so by the reasonable testimony of credible witnesses. The court's adoption of such proof spelled the guilt of appellant. (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].)

Judgment and order denying the motion for a new trial are affirmed.

McComb, J., and Fox, J., concurred.